# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2021

Lyle W. Cayce
Clerk

No. 21-40097
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IRVING ERNESTO ARIAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CR-14-7

Before OWEN, *Chief Judge*, and SOUTHWICK and WILSON, *Circuit Judges*.

PER CURIAM:*

Irving Ernesto Arias pleaded guilty to one count of conspiring to possess fifty grams or more of methamphetamine and was sentenced to 262

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40097

months' imprisonment and a five-year term of supervised release. He challenges the district court's denial of his motion to withdraw his plea.

District courts are given "broad discretion" with respect to their rulings on motions to withdraw pleas. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (quoting *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)). We review the denial of a motion to withdraw a guilty plea for abuse of this discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). "[A] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id*. at 1013-14 (quoting *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003)).

When considering Arias's motion, the district court conducted an exhaustive analysis of the *Carr* factors. Our review of the record and the district court's opinion in light of these factors shows no abuse of discretion, and Arias's arguments to the contrary are not persuasive.

AFFIRMED.